JUDGE BATTS

08 CIV 4788

KR9774

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GILROY JOHNSON,

            Plaintiff,

  -against-

THE CITY OF NEW YORK, P.O. SHAMUS
SMITH, P.O. FIDEL MOREJON and P.O.s
"JOHN DOE" #1-5 (said names being fictitious,
as the true names are presently unknown),
Individually and in their Official Capacities.

            Defendants.
------------------------------------------------------------X

**COMPLAINT AND DEMAND FOR JURY TRIAL**


RECEIVED MAY 22 2008 S.D.N.Y.

    Plaintiff, GILROY JOHNSON, by his attorney, K. E. Richman, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, P.O. SHAMUS SMITH, P.O. FIDEL MOREJON and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions, and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

4. Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. At all times relevant hereto, Plaintiff, GILROY JOHNSON, was and is a resident of Bronx, NY, located in the Southern District of New York.

8. At all times relevant hereto, defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs

and controls the New York City Police Department, which employs the other named Defendants.

9. At all times relevant to this action, defendants P.O. SHAMUS SMITH, P.O. FIDEL MOREJON and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law.

10. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

11. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

12. On August 15, 2007, at approximately 9:55 PM at the intersection of 168th Street and Findlay Avenue, Bronx, NY, Plaintiff, GILROY JOHNSON, was walking home from a birthday party.

13. At the time, Plaintiff was a 27 year-old male with no criminal history.

14. A police cruiser drove by Plaintiff at the above-mentioned intersection, where one of the Defendant Police Officers asked Plaintiff to stop and come over to their vehicle.

15. Plaintiff proceeded to walk to the police cruiser and asked if there was a problem, at which time the Police Officer responded with a racial explicative and slapped Plaintiff in the face.

16. Plaintiff, afraid of what the Defendant Police Officers would further do to him, ran away from the Police Officers and the Defendant Police Officers pursued Plaintiff.

17. Shortly thereafter the Defendant Police Officers subdued Plaintiff face-down on the ground. The Defendant Police Officer who initially slapped Plaintiff in the face sprayed mace in Plaintiff's face. Another Defendant Sergeant hit Plaintiff with his nightstick at least three times. Both actions occurred after the Plaintiff was ably subdued on the ground.

18. A video-recording taken by a witness shows Defendants P.O. SHAMUS SMITH, P.O. FIDEL MOREJON and P.O. #1-5 (said names being fictitious, as the true names are presently unknown) beating the Plaintiff with a nightstick after he was subdued on the ground.

19. During this unauthorized arrest, Plaintiff did not ever physically retaliate against the Defendant Police Officers.

20. The Defendant Police Officers then handcuffed Plaintiff and proceeded to drag Plaintiff's body to the police cruiser in order to be taken to the precinct.

21. Plaintiff and Defendant Police Officers arrived at the precinct at approximately 10:30 PM.

22. While in police custody, Plaintiff immediately requested medical attention in order to treat the wounds he sustained due to the actions of the Defendant Police Officers.

23. As a result of the excessive force demonstrated by the Defendants, Plaintiff sustained lacerations to his left cheek, upper forehead, left elbow, right wrist and right and left knees. Plaintiff also suffered a cut on the inside of his lip, which caused him to start spitting blood.

24. Plaintiff was not taken to St. Barnabas Hospital for medical attention until approximately 1:00 AM on the following morning, over two hours since the incident initially began.

25. While Plaintiff was being transported to the hospital from the precinct, the Defendant Police Officer who initially slapped Plaintiff hit the Plaintiff again while accompanying Plaintiff in the ambulance.

26. While at the hospital, Plaintiff attempted to tell people what the Defendant Police Officers had done to him. Plaintiff was injected with a sedative and put to sleep.

27. At the precinct, the Police Officers filled out false police reports and provided false and misleading information to the Prosecution which implicated Plaintiff in the commission of a crime.

28. On or about August 16, 2007, Plaintiff was arraigned on felony charges in Bronx Criminal Court under Docket Number 2007BX050618. Plaintiff was released on his own recognizance.

29. As a result of the false claims against him, Plaintiff spent approximately 24 hours in custody.

30. On March 18, 2008, Plaintiff was exonerated of all charges and said charges were officially dismissed and sealed.

31. On November 9, 2007, and within ninety (90) days of the incident, a Notice of Claim on behalf of Plaintiff, GILROY JOHNSON, was served upon NYC.

32. On December 20, 2007, a hearing pursuant to General Municipal Law Section 50-H was conducted in this matter.

33. At least thirty (30) days have elapsed since said demand and/or claim upon which this action is in part predicated was presented to the NYC for adjustment and the NYC has neglected and/or refused to adjust and/or make payment.

34. This action is commenced within one year and ninety days of the occurrence herein.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

35. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 34 with the same force and effect as if fully set forth herein.

36. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

37. All of the aforementioned acts deprived Plaintiff, GILROY JOHNSON, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

38. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices,

procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

41. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF:
## CONSPIRACY TO VIOLATE CIVIL RIGHTS

42. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 41 with the same force and effect as if fully set forth herein.

43. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to use excessive force in dealing with the Plaintiff and to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF:
## FALSE ARREST UNDER 42 U.S.C. § 1983

44. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 43 with the same force and effect as if fully set forth herein.

45. As a result of Defendants' aforementioned conduct, Plaintiff, GILROY JOHNSON, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

46. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

47. As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace before her neighbors and peers. Plaintiff was discredited in the minds of many members of the community.

48. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## FOURTH CLAIM FOR RELIEF:
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

49. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 48 with the same force and effect as if fully set forth herein.

50. The degree of force used by Defendants was excessive, unreasonable and unwarranted.

51. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless, negligent, unconscionable and unprovoked.

52. As a result of the excessive force and brutality, Plaintiff sustained substantial pain, bruising and swelling about his body.

53. All of the aforementioned acts of Defendants constituted excessive force under the laws of the State of New York and they are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

54. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 53 with the same force and effect as if fully set forth herein.

55. Defendants were directly and actively involved in the initiation of criminal proceedings against the Plaintiff.

56. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

57. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

58. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

59. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

60. The criminal proceedings against Plaintiff were terminated in favor of Plaintiff on March 18, 2008.

### SIXTH CLAIM FOR RELIEF:
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

61. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 60 with the same force and effect as if fully set forth herein.

62. Defendants issued legal process to place Plaintiff under arrest.

63. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

64. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

### SEVENTH CLAIM FOR RELIEF:
### DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL CONDITION IN VIOLATION OF THE UNITED STATES CONSTITUTION

65. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 64 with the same force and effect as if fully set forth herein.

66. As described above, Defendants acted with deliberate indifference to Plaintiff's serious medical needs, by among other things, failing to properly treat Plaintiff and failing to transfer him to an emergency room, despite that Defendants were aware of, or, but for their deliberate indifference, should have been aware of, the Plaintiff's serious medical needs.

67. Defendants consciously disregarded the serious medical risk posed by Plaintiff's injuries by among other things, failing to immediately provide essential emergency treatment and by failing to transfer the Plaintiff to a readily accessible emergency facility in a timely manner as dictated by the Plaintiff's medical condition.

68. As a consequence thereof Plaintiff, GILROY JOHNSON, has been injured.

### EIGTH CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY

69. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 68 with the same force and effect as if fully set forth herein.

70. Defendants P.O. SHAMUS SMITH, P.O. FIDEL MOREJON and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), assaulted Plaintiff, GILROY JOHNSON, despite a complete lack of cause against him, notwithstanding their knowledge that said assault would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

71. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

72. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

73. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

74. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, GILROY JOHNSON.

75. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff, GILROY JOHNSON, as alleged herein.

76. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff, GILROY JOHNSON, as alleged herein.

77. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff, GILROY JOHNSON.

78. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

79. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

80. All of the foregoing acts by Defendants deprived Plaintiff, GILROY JOHNSON, of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

    c. To be free from unlawful imprisonment;

    d. To be free from unwarranted and malicious criminal prosecution;

    e. To be free from excessive force and infliction of emotional distress;

  f. Not to have cruel and unusual punishment imposed upon him; and

  g. To receive equal protection under the law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED: New York, New York
    May 22, 2008

               Respectfully submitted,

               */s/*

               K. E. RICHMAN, ESQ. (KR9774)

               K. E. Richman
               *Attorney for Plaintiff*
               Law Office of K. E. Richman LLP
               230 Park Avenue, Tenth Floor
               New York, NY 10169
               (212) 687-8291

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GILROY JOHNSON

    Plaintiff

-against-

THE CITY OF NEW YORK, P.O. SHAMUS SMITH, P.O. FIDEL MOREJON and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities.

    Defendant.

---

COMPLAINT AND DEMAND FOR JURY TRIAL

---

The Law Office of K. E. Richman LLP
Kim E. Richman, Esq.

230 Park Avenue, 10th Flr.
New York, NY 10169
(212) 687-8291