

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MAURICE L. HUDSON
(212) 788-8684
fax: (212) 788-9776
mhudson@law.nyc.gov

June 10, 2008

**BY HAND DELIVERY**
Honorable Deborah A. Batts
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2510
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-11-2008

    Re: <u>Gilroy Johnson v. City of New York, et al.</u>
       08-CV-04788 (DAB)

Your Honor:

    I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to the defense of the above-referenced federal civil rights lawsuit. I respectfully write to request a sixty day enlargement of time for defendant City of New York to answer or otherwise respond to the complaint from June 11, 2008, to August 11, 2008. Plaintiff's counsel, K. E. Richman, Esq., consents to this request. The reasons for this request are set forth below.

    By way of background, plaintiff Gilroy Johnson brings this action alleging, *inter alia*, false arrest, excessive force, and malicious prosecution. Specifically, plaintiff alleges in his complaint that on August 15, 2007, at approximately 9:55 p.m., officers of the New York City Police Department (NYPD), without any reason or provocation, slapped him, addressed him with racial epithets, sprayed him with mace and hit him repeatedly with a nightstick. Plaintiff alleges that he was then dragged to a police cruiser, and transported to a police precinct. According to his complaint, plaintiff immediately requested medical attention when he arrived at the NYPD precinct at approximately 10:30 p.m., but was not taken to a hospital for treatment until approximately 1:00 a.m. Plaintiff also alleges that he was struck again by a police officer while in the ambulance and that when he attempted to tell others at the hospital what was done to him by the officers he was injected with a sedative and put to sleep. Finally, plaintiff alleges that after being held for approximately 24 hours, he was arraigned on August 16, 2007, released on his own recognizance, and had all charges against him dismissed on March 18, 2008.



**MEMO ENDORSED**

   We request an enlargement of the time to answer or otherwise respond because the records of the underlying criminal actions pertaining to this incident, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. In order to meet our obligations under Rule 11 of the Federal Rules of Civil Procedure to conduct a reasonable inquiry, we will need to access the documents pertaining to the underlying criminal case. Accordingly, we forwarded a release to plaintiff's counsel on June 5, 2008. Once this Office has received the executed release, defendants can access the information, properly assess the case, and respond to the complaint.

   In addition, because plaintiff alleges that he suffered physical injury as a result of the alleged incident, this Office is also forwarding to plaintiff for execution an authorization for the release of the pertinent medical records. Defendant cannot obtain these records without the authorizations, and without the records, defendants cannot properly assess this case or respond to the complaint.

   An additional reason for requesting an enlargement of time is to allow this Office to determine, pursuant to Section 50-k of the New York General Municipal Law, whether we may represent Police Officer Shamus Smith and Police Officer Fidel Morejon, the individually named defendants in this action.[1] See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985)(quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)(decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

   This is defendant's first enlargement request, and the proposed enlargement will not otherwise affect the schedule for the case. Accordingly, it is respectfully requested that defendant's time to answer or otherwise respond to the complaint be enlarged from June 11, 2008, to August 11, 2008.

   Thank you for your consideration of this request.

**SO ORDERED**

*Deborah A. Batts* 6/11/2008
DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

Maurice L. Hudson
Assistant Corporation Counsel

cc: K.E. Richman, Esq. (BY MAIL)
  *Attorney for Plaintiff*
  230 Park Avenue, Suite 963
  New York, NY 10169

---

[1] Although the docket sheet indicates that Officers Smith and Morejon have been served, we have not discussed the manner of service with them; therefore, we are as yet unable to determine whether they will be represented by this Office. However, in order that the officers' defenses are not prejudiced while representational issues are being resolved, we respectfully request that the Court grant the requested enlargement of time as to all defendants.

MEMO ENDORSED