UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GILROY JOHNSON,

                      Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. SHAMUS SMITH,
P.O. FIDEL MOREJON and P.O.s "JOHN DOE" #1-5
(said names being fictitious, as the true names are presently
unknown), Individually and in their Official Capacities,

                      Defendants.

------------------------------------------------------------------------ x

**ANSWER**

08-CV-4788 (DAB)

**JURY TRIAL DEMANDED**

        Defendants City of New York, Shamus Smith and Fidel Morejon, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein

        4.     Deny the allegations set forth in paragraph "4" of the complaint except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        5.     Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to base venue as stated therein.

6. Paragraph "6" of the complaint sets forth a demand for a demand for a jury trial, rather than an averment of fact, and accordingly no response is required.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that City of New York is a municipal corporation existing under the laws of the State of New York and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Shamus Smith and Fidel Morejon were employed as police officers by defendant Citiy of New York and remain so employed.

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff ran away from the police.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Deny knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph "29" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint, except admit that a purported Notice of Claim was received in the New York City Office of the Comptroller in November, 2007.

32. Admit the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint, except admit that no adjustment or payment of plaintiff's purported claim has been made.

34. Deny the allegations set forth in paragraph "34" of the complaint, except admit that plaintiff filed his original complaint in this action on May 22, 2008.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "34" inclusive of this answer, as if fully set forth herein.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "41" inclusive of this answer, as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "43" inclusive of this answer, as if fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

49. In response to the allegations set forth in paragraph "49" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "48" inclusive of this answer, as if fully set forth herein

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. In response to the allegations set forth in paragraph "54" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "53" inclusive of this answer, as if fully set forth herein.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Defendants state that the allegations set forth in paragraph "60" of the complaint are conclusions of law rather then averments of fact, and accordingly, no response is required.

61. In response to the allegations set forth in paragraph "61" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "60" inclusive of this answer, as if fully set forth herein.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. In response to the allegations set forth in paragraph "65" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "64" inclusive of this answer, as if fully set forth herein.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. In response to the allegations set forth in paragraph "69" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "68" inclusive of this answer, as if fully set forth herein.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint, including all subparts.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

81. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

82. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

83. Plaintiff's claims may be barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

84. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or by the intervening conduct of third parties, and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

85. This action may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

86. At all times relevant to the acts alleged in the complaint, defendants acted reasonably and in the proper and lawful exercise of their discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

87. Defendants Shamus Smith and Fidel Morejon have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

88. Plaintiff may have failed to satisfy the conditions precedent to suit.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

89. Plaintiff provoked any incident.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

90. There was probable cause for the plaintiff's arrest, detention and prosecution.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

91. To the extent plaintiff asserts state law claims against defendants, such claims should be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

92. Plaintiff's conspiracy claim is barred by the intra-corporate conspiracy doctrine.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

93.     At all times relevant to the acts alleged in the amended complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of its discretion.  Therefore, the City is entitled to governmental immunity.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

94.     Plaintiff cannot obtain punitive damages as against the City of New York.

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            August 11, 2008

                                        MICHAEL A. CARDOZO
                                            Corporation Counsel of the
                                            City of New York
                                        Attorney for Defendants
                                        100 Church Street, Room 3-209
                                        New York, New York 10007
                                        (212) 788-8684

                                By:     _____
                                        Maurice L. Hudson
                                        Assistant Corporation Counsel


cc:     Kim E. Richman, Esq. (by ecf)
        *Attorney for Plaintiff*
        230 Park Avenue, 10th Floor
        New York, New York  10169

Docket No. 08-CV-4788 (DAB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GILROY JOHNSON,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. SHAMUS SMITH, P.O. FIDEL MOREJON and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities,

                              Defendants.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Maurice Hudson*
*Tel: (212) 788-8684*
*NYCLIS No. 2008-020360*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................ ,2008*

*............................................................ Esq.*

*Attorney for ........................................................*